UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HEALTHNOW NEW YORK, INC.,

               Plaintiff,

v.                                                         **ORDER**
                                                        11-CV-483S

MERIDIAN TECHNOLOGIES, INC., and
SYSTEMS PERSONNEL, INC.,

               Defendants.

      1.      Presently before this Court is the Report and Recommendation of the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, recommending that Plaintiff's Motion to Remand to State Court be granted and that Plaintiffs be awarded costs and attorneys' fees associated with this motion. (Report and Recommendation ("R&R"), Docket No. 30). For the reasons discussed below, this Court accepts Judge McCarthy's Report and Recommendation over the objections of Defendant Meridian Technologies, Inc. ("Meridian").

      2.      Plaintiff is a corporation organized under the laws of the State of New York with a principal place of business in Buffalo, New York. Meridian is a corporation incorporated under the laws of the State of Florida, with its principal place of business in that state. Defendant Systems Personnel, Inc. ("Systems") is a corporation organized under the laws of the State of New York with a principal place of business in West Seneca, New York. (Docket No. 1 ¶¶ 9-11; Amended Complaint, Docket No. 1-1, ¶¶ 1-3).

      3.      Plaintiff commenced this action in New York State Supreme Court, Erie

County, on April 8, 2011, alleging breach of contract and an unjust enrichment causes of action against both Defendants. (Complaint, Docket No. 1-1). Attached to this Complaint was the Master Services Agreement between Plaintiff and Meridian. Plaintiffs filed an Amended Complaint on May 19, 2011, that included an additional cause of action alleging that Systems had a contract with Meridian to which Plaintiff was a third party beneficiary, and Systems breached that contract as well. (Docket No. 1-1). The Amended Complaint included a Service Provider Agreement between Plaintiff and Systems as well as the Master Services Agreement. Meridian removed the case to this Court on June 8, 2011, asserting federal jurisdiction on the basis of diversity. (Docket No. 1; see 28 U.S.C. § 1332). Meridian alleged that Systems was fraudulently joined for the purpose of defeating such jurisdiction. This Court referred the matter to Judge McCarthy pursuant to 28 U.S.C. § 636 (b)(1) to, inter alia, hear and report upon dispositive motions. (Docket No. 12).

   4. Judge McCarthy recommends granting Plaintiff's Motion to Remand (Docket No. 11) because Meridian failed to prove by clear and convincing evidence that there was no possibility based on the pleadings that Plaintiff could not state a cause of action against Systems in state court. (R&R at 5-6). This Court has throughly reviewed the Report and Recommendation, Meridian's Objections thereto (Docket No. 31) along with additional supporting and opposing papers, and the applicable law, and after considering the matter *de novo*, agrees with Judge McCarthy's conclusion that Plaintiff's Motion to Remand should be granted.

   5. As stated in the Report and Recommendation, it is alleged in the Amended Complaint that Systems breached its Service Provider Agreement with Plaintiff. The issue of fraudulent joinder on a motion to remand subjects the Amended Complaint to less

scrutiny than that afforded on a motion to dismiss for failure to state a claim. (R&R at 3-4, citing Sherman v. A.J. Pegno Const. Corp., 528 F.Supp.2d 320, 328-329 (S.D.N.Y. 2007)). Therefore, contrary to Meridian's objection, the absence of more specific factual allegations supporting this breach of contract claim is of no moment.  Further, the affidavit of Systems' president confirms the existence of the Service Provider Agreement and does not deny the alleged breach.  (R&R at 4-5; Docket No. 18-1).

6. Contrary to Meridian's further contention, a review of the complete transcript of oral argument supports Judge McCarthy's interpretation of the statements of Meridian's counsel as conceding that a viable claim against Systems could result from the Amended Complaint.  (Docket No. 32; R&R at 5).  Counsel's comments make clear his belief that discovery was relevant to whether Plaintiff could state a breach of contract claim against Systems.  (Docket No. 32 at 12-16).  Counsel stated that the time for removal may not have started to run "even after service of the [A]mended [C]omplaint," as "[i]t's possible that discovery could have continued in state court and from that point on we could have concluded that Systems was not a proper party." (Docket No. 32 at 14).  Implicit in this argument is that discovery could also have revealed a viable breach of contract claim. Remand to state court is therefore warranted.

7. This Court finds no legal or factual error in Judge McCarthy's Report and Recommendation.  The Court will add only that it also finds merit in Plaintiff's argument that removal was untimely.  Meridian concedes in its Notice of Removal that a review of the original Complaint prompted its counsel to contact Plaintiff regarding the perceived improper joinder of Systems.  (Docket No. 1 ¶ 4).  Meridian could therefore "intelligently ascertain removability from the face of [this] pleading," Whitaker v. Am. Telecasting, Inc.,

261 F.3d 196, 205-206 (2d Cir. 2001)(internal quotation marks omitted), and Meridian's failure to file a notice of removal within 30 days of service of the original Complaint warrants remand.  Murray v. Deer Park Union Free Sch. Dist., 154 F.Supp.2d 424, 426 (E.D.N.Y. 2001).  In light of the multiple grounds for remand, this Court also accepts Judge McCarthy's recommendation to grant attorneys' fees and costs associated with Plaintiff's motion.  Meridian's Objections are therefore denied and the Report and Recommendation is accepted in its entirety.

    IT HEREBY IS ORDERED that this Court accepts Judge McCarthy's Report and Recommendation (Docket No. 30) in its entirety, including the authorities cited and the reasons given therein;

    FURTHER, that Meridian's Objections to the Report and Recommendation (Docket No. 31) are DENIED;

    FURTHER, that Plaintiff's Motion to Remand to State Court and for Attorneys' Fees and Costs (Docket No. 11) is GRANTED.

    SO ORDERED.

Dated:  March 4, 2012
       Buffalo, New York

                                 /s/William M. Skretny
                                WILLIAM M. SKRETNY
                                    Chief Judge
                              United States District Judge